IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RICKY RANDALL REX SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:15cv521-WKW |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner Ricky Randall Rex Smith ("Smith") is before the court with a *pro se* motion (Doc. No. 2) challenging the jurisdiction of this court in Criminal Case No. 1:07cr183-WKW, in which Smith was sentenced to life in prison upon his conviction for production, transportation, and possession of child pornography, in violation of 18 U.S.C. §§ 2251(a), 2252A(a)(1) & 2252A(a)(5)(B). Smith alleges that this court was without jurisdiction to hear his criminal case and argues that his convictions and sentence were obtained in violation of his constitutional rights. Doc. No. 2 at 1-2. For the reasons that follow, the court finds that Smith is not entitled to any relief.

**I.   DISCUSSION**

Smith attacks the legality of his conviction and sentence in this court. The law directs that 28 U.S.C. § 2255 is the exclusive remedy for a federal prisoner to collaterally attack a conviction and/or sentence imposed by a federal court. *See* 28 U.S.C. § 2255(a) & (e); *United States v. Holt*, 417 F.3d 1172, 1174-75 (11th Cir. 2005); *Bradshaw v. Story*, 86 F.3d

164, 166 (10th Cir. 1996). Accordingly, regardless of Smith's labeling of his instant motion, the court finds that his motion is of the same legal effect as – and should be construed as – a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *See United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990) (federal courts have "an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework").

This is the second 28 U.S.C. § 2255 motion filed by Smith attacking the convictions and sentence obtained in Criminal Case No. 1:07cr183-WKW. Smith's first such § 2255 motion was filed on November 13, 2012. *See* Civil Action No. 1:12cv1006-WKW-SRW, Doc. No. 1. On March 19, 2015, this court denied that § 2255 motion with prejudice, holding that Smith had failed to file the motion within the one-year limitation period in 28 U.S.C. § 2255(f). *Id.*, Doc. Nos. 36 & 38 (Order of District Court Adopting Magistrate Judge's Recommendation [Doc. No. 31] & Final Judgment of District Court).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of

the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h).

For purposes of the AEDPA's successive motion rules, the dismissal of an initial § 2255 motion as untimely "counts" and renders a subsequent § 2255 motion "successive." *See Villanueva v. United States*, 346 F.3d 55, 59-61 (2nd Cir. 2003) (holding "that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes."); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (holding "that a prior untimely petition does count because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims"). A federal district court lacks jurisdiction to consider a successive § 2255 motion where the movant fails to obtain the requisite permission from the appellate court to file a successive motion. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003)

Smith has yet to receive certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. The motion now before this court is Smith's second § 2255 motion attacking the same convictions and sentence. Because Smith has not obtained permission from the appellate court to file a successive § 2255 motion, this court lacks the jurisdiction to consider the merits of his present § 2255 motion and the motion is due to be summarily dismissed. *See, e.g., Farris*, 333 F.3d at 1216; *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2255 motion be denied and this case dismissed, as Smith has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **August 26, 2015.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 12th day of August, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE